

Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

January 10, 2019
*VIA ECF*

Honorable Bryan M. Cogan
United States District Judge
United States Courthouse
225 Cadman Plaza East
Courtroom 8D South
Brooklyn, NY 11201

  Re: DISH Network L.L.C. v. Exponent Solutions LLC, No. 1:18-cv-04983-BMC-CLP
     *Joint Letter Concerning Discovery Dispute*

Dear Judge Cogan,

This letter concerns a discovery dispute between Plaintiff DISH Network L.L.C. ("DISH") and Defendants Exponent Solutions LLC and Ashraf Jahanzaib (collectively, "Defendants"). The undersigned counsel for DISH and Defendants conferred on these discovery issues by telephone on December 27, 2018, January 2, 2019, and January 8, 2019. The issues were also addressed in correspondence dated December 17, 2018, January 2, 2019, and January 7, 2019.

DISH's Statement. This case concerns a telemarketing scam wherein callers pretend to be DISH in order to trick DISH's subscribers into paying Defendants for fraudulent equipment upgrades. Defendants collected money from DISH subscribers that fell victim to the scheme, in the form of checks sent to their P.O. Box and credit cards processed through their accounts (the "Payment").

DISH served discovery on November 2, 2018 that asked Defendants to identify "each financial institution and account where each Payment was deposited." (Ashraf Rog. 10, Exponent Rog. 14.) DISH also requested "[a]pplications and statements for each account where a Payment was deposited" including "a copy of each check," as well as the "applications and statements for each credit card and debit card processing service used in receiving a Payment." (Ashraf / Exponent RFPs 15-17.)

Defendants responded to DISH's discovery on December 5, 2018 and identified bank accounts at Bank of America and Belfius Bank NV. Defendants did not identify any credit card processors. On January 7, 2019, after extensive meet and confer efforts, Defendants identified two additional accounts at Capital One Bank and TD Bank, as well as an eProcessing Network account used to process credit card transactions. Defendants' supplemental responses remain deficient because

1

there are other accounts, not yet disclosed, that Defendants used to deposit checks and process credit card payments from DISH subscribers.

Defendants claim the eProcessing Network account was used to process credit cards from June 3, 2018 to December 29, 2018, and Defendants received no other credit card payments from DISH subscribers. In truth, Defendants received credit card payments from DISH subscribers in 2016 and 2017 as part of the telemarketing scheme. The foregoing is shown from the declaration and credit card statement offered by DISH subscriber Holt, attached as Exhibit 1, and the credit card statements attached as Exhibit 2 that were provided by other DISH subscribers with whom DISH is working to obtain declarations. The payees identified in these credit card statements, Discount Zooms and Saveologyonline.com, are admittedly Defendants' businesses and the corresponding telephone numbers belong to Defendants. In sum, Defendants failed to identify all accounts used to process credit card payments from DISH subscribers.

Defendants also have not identified all of the bank accounts where DISH subscriber checks were deposited. Defendants initially identified Bank of America and Belfius, and when pressed came forward with Capital One and TD Bank. However, the check attached as Exhibit 3, provided by a DISH subscriber that is working with DISH on a declaration, was made payable to Defendant Exponent and deposited into a Santander Bank account. The endorsement on Exhibit 3 matches that on the DISH subscriber checks deposited into Defendants' Bank of America account. Thus, Defendants have not fully disclosed the bank accounts where the checks were deposited.

Defendants should be ordered to identify each bank account where a Payment was deposited (in the case of checks) and each account used in processing a Payment by credit or debit card. DISH should be permitted to subpoena records corresponding with each account. Defendants claim to be unable to obtain records for their Capital One and TD Bank accounts, and only produced one page corresponding with their eProcessing Network account. Subpoenas are therefore necessary.

<u>Defendants' Statement</u>

Defendant Jahanzaib Ashraf is an inexperienced business man who started Exponent Solutions, Discount Zooms and Saveology Online to operate various businesses, including a clothing retail business, an information technology software and hardware support business ("IT business") and a retail business selling Direct TV subscriptions. In relation to his IT business and Direct TV retail business, Mr. Ashraf engaged a company called D Hoppers, which employed telemarketers based in Pakistan to sell products and services. Unfortunately, as Mr. Ashraf discovered as a result of this lawsuit, D Hoppers was not very careful in screening and/or training its telemarketers since some of them apparently were falsely representing that the caller was associated with Dish Network. When notified for the first time of these occurrences in this lawsuit, Mr. Ashraf expressed great shock and denied any wrong doing. Nonetheless, Mr. Ashraf attempted to alleviate this situation by cooperating with Dish in this lawsuit, and by trying to identify the offending parties to the best of his ability. Mr. Ashraf also attempted to settle this lawsuit to keep costs down for all parties by offering to shutter his IT business and Direct TV retail business and by paying Dish Network reasonable compensation.

With respect to this motion, Mr. Ashraf is not disputing that Dish is entitled to obtain the information sought in this motion. Mr. Ashraf's cooperation has been extensive, including providing bank accounts, cancelled checks, its agreement with Direct TV, personal tax returns, and the names of individuals who may have information about Dish's claims. Because Mr. Ashraf is not a citizen or resident of the United States and because much of the information sought dates back to 2016 and involves obtaining electronic records from banking institutions, Mr. Ashraf's production has not been complete or as fast as Plaintiff would like. But, each time any deficiencies have been identified, Mr. Ashraf has promptly provided the requested information. In fact, as of the date of this motion, the only material discovery remaining is information concerning the credit card processing for the Defendants, which Mr. Ashraf is trying at this moment to obtain. Defendants believe that this information will be obtained and produced to Dish imminently and for this and the reasons discussed, believe that an order compelling production is unnecessary.

Respectfully submitted,

Timothy M. Frank
Hagan Noll & Boyle, LLC
Attorney for Plaintiff

Wing K. Chiu
Mestechkin Law Group P.C.
Attorney for Defendants

Enclosure